I'm Kerry Mills appearing in pro se here today. Thank you for allowing the opportunity to oral argument this case. I'm requesting six minutes of my time be reserved for rebuttal. Initially I'd like to address two preparatory topics. First the 28 1654 which allows for a person to plead personally and just that one of this court to know that my appearance here today is in no way meant to be dishonor the legal system or any member of the court including the court. It's just a matter of economics. I currently owe $60,000 to a lawyer already in past proceedings and it's just afforded the point that I can't go any further economically. It would be helpful to me if you would explain how exactly what your injury is at this point and my understanding is that no one has told you you can't use this row and you're using the row. Well that's actually incorrect. I was told on numerous occasions I couldn't. That was part of me trying to introduce that evidence under the discovery procedure in bringing that forward. One of the persons that was a high-ranking official at the time, Mr. Jackson with the BLM, we had a meeting out on the right-of-way itself and I was told I could not use that from him by him until this matter was settled in court. There was also a hearing. My understanding is that it's at this point a freely accessible road. Yes ma'am. It's a mining road. The current mining, unpatented federal claim uses that road, runs his equipment up it. I drove my pickup of it. It's very accessible. So what's your beef? Well my beef is is that the BLM does not recognize it. A. B. They've told me that I can't use it to access my mining claims and C. The federal mining claim owner is denying me access across it. That's a different issue but but with regard to the road and the BLM, the record seems to suggest that it's just a road that's sitting there and for anybody to use it wants to use it and you're saying it's not true but there's nothing in the record to disprove it? Well there is there is a portion of them in the record that's there. The BLM notified the state which grants me my APMA and told the state of Alaska rescinded my APMA for a period of time. They haven't since then actually. But does this have to do with driving down the road or it has to do with using the land that you wanted to use? Well no it's just the legal access. Going from the legal access to Taylor Highway, proceeding through the mining claims to where my mining claims. There's a property ownership that is. That's a different issue but maybe I need a picture but I thought what what is the name of the road that we're discussing? 40 mile station. That 40 mile station road is not just an open road that you can drive on? Yes ma'am it is it is something that you can drive on. Do they have a like you have to go through a checkpoint and then they look at your identification and say oh we have a notice that you're not allowed on this road? No ma'am there's not a checkpoint. The mining claim owner has a has a gate or to be frank it's just a hose that's stretched across the road to bar people from going. And so does he check your identification and say you're not permitted or you just got notice you're not permitted or what's what is it that's restricting him? Well the restriction is is that that he puts the the gate up there if you will and says that it's private property you can't go across it. So he's not letting anyone onto that road across his property? His position is is that he doesn't let anyone go across it. I have asked that was one part of my initial was that to ask permission to use the right-of-way by the BLM that I was told to do that. I did do that he gave me permission initially and that's how my estate mining claims were actually able to be staged. So there's a right-of-way that is currently somebody is claiming is private and that is not open to the public and that's the right-of-way you want to use? Yes that's the one that's listed listed in Alaska statute. It's part of the Wamscat line that was actually back in 1907. And you asked the state of Alaska if they wanted to to join you in arguing that that's a public road and and they they declined is that is that correct? They declined basically on the point is my understanding from the conversations they declined simply on the fact that the road is not used by enough number of people and they chose to then sue over the road in the chicken area that's currently before the district court. That road is partly connected in the 40 mile river is what separates them two. It's one in the same road so to speak. It's called different it's named different in the in the statutes but it is actually one part of that Wamscat line. You can't use that road? No sir it's not achievable to to get there it's just this particular mining road is available basically for the same months that they maintain the Taylor Highway from May through September. That's the only time it's maintained and so after that you're on your own. This road that I want to use would be available at that same point in time and it allows for summertime access where other roads are basically only access you have to you have to do it in the winter. So the federal government which owns the property is permitting this private individual to shut off the road? He is not just a private individual he's the unpatented mining claim owner. Okay. What there is there is in it's kind of you know layered first there is the right-of-way that's there then the mining claim owner claimed his claims after that and and then at the same time the BLM transferred that land over to the Hunwichen Corporation. You have about three and a half minutes. Thank you. May it please the court my name is Robert Stockman here on behalf of the United States with me at counsel's table is Damian Linksweiler who represents Doyon Unlimited. I intend to speak for six minutes or less and to leave the remaining four minutes to Mr. Linksweiler. We ask this court to affirm the district court's dismissal of Mills complaint. I'm going to aim to touch on three points. First the QTA bars Mills suit against the federal government. Second Mills lacks standing to bring these claims. Just after the second which is the one that I raised before you my understanding is that this preface on the fact that that he can he hasn't alleged that there's any problem he's using the road. Now he's saying that there is a problem so what's the point? I think it's important to look at what's in the record in this case your honor and there were assertions that he couldn't use the road but the crucial thing is that's not supported by the to now. The crucial thing is that he's the closest he came to saying the VLM ever said you can't use this road as a low-level employee Jackson allegedly said something along those lines. But after that point VLM went through its process and the IVLA issued a decision that among other things says we're not deciding whether there's an RS-2477 or if there is you can use it if there isn't that's a different issue but we're not making taking any position so the last statement from the agency says nothing about not using the road just doesn't take any position and to my knowledge the federal government hasn't done anything actively to in any way interfere with the usage of the road and so that's our position is there's no there's no disputed title under the QTA and there's also no injury under article three because the federal government hasn't taken any action to interfere with the use of the road now there's it could be that somebody else is taking that action i.e. a private landowner it may be but one i don't think that's developed or that's not established by the record evidence and this this has been i mean the district court gave ample opportunity to amend the complaint sua sponte granted a third opportunity to amend the complaint so it's not supported by the record and second that wouldn't be a basis for an action against the federal government if a private landowner is doing something um particularly because if this rs2477 does exist and if there's a public right-of-way the state of alaska could always take some action um if it thought it was necessary to that's another question and first of all we have these two schultz cases um which seem to assume the existence of a well that seemed to did assume the existence of a qta action under what seemed to be exactly parallel circumstance is that not true i i would disagree for two reasons though um there's a touch of truth at first um there there was the government actually asserting some interest the government took an action it had it had erected a gate it was a standing question but i'm asking about the the your other qta point which is that he doesn't have any qta um and then the second opinion was withdrawn by this court no well it was withdrawn but the second opinion is still resting on the assumption well it's a five sentence opinion that specifically doesn't address any jurisdictional issues and declines and the first one doesn't either but but the first but in in both instances they reach the merits of the of the claim it's long been acknowledged that cases in which jurisdiction is presumed i understand that it's not a good precedent i understand i understand it's not precedent but it is true that this is that had this occurred so i i'm asking you then um the mystery to me here and the reason why it might have been assumed there is what what what is there about the statutory scheme the underlines that means that this belongs to the state of california the statute is something really vague like the public shall have access right it says it says the the right-of-way for a public highway which is constructed is granted but but an entity has to then create it so what so it's it's but it doesn't have to be the state of alaska it could be who knows right it has to be healthy it could be i'm sorry it has to be a political subdivision uh to my knowledge no court has said that a private individual has title in an rs2477 is there any law about that i just don't know i mean not maybe not a private individual but but the public in some abstract sense without having to have a an actual owner there to my knowledge um there are a handful of state cases in which people have brought actions like that but it's never been a title interest and this is something every federal court to analyze this in numerous circuits and several district courts have acknowledged that the difference is the quiet title act provides a limited right of action about title about property interests and this the kind of interest that a handful of people have managed to bring is not a property interest that could be pursued under the quiet title act even if there might be some which is but but for example the state of alaska was asked whether it went to a certain interest could the county a certain interest not some could the town a certain interest not in this case because the property interest would be owned by the state of alaska um i'm not i'm not challenging i just would like to know my understanding is there's just no county that would have except been accepting the title in this circumstance because the history i mean cases are very complex they depend a lot on the history there are some locations in which a county does take title but in this particular circumstance my knowledge is there's no other entity that could have done so in this circumstance um but i think it bears emphasis that none of the potential property owners here have a dispute alaska very specifically chose not to participate in this case and it didn't say for any particular reason said because it weighed the cost and um so i would like to leave the rest of mr linksweiler but if there are any further questions thank you your honors if it please the court i'm jamie linksweiler i'm here on behalf of doyon with me at council table is josh van gorkum with my law firm um doyon is an alaska native regional corporation for the interior portion of alaska created under the alaska native plain settlement act it was conveyed land it has 18 000 shareholders under angsa it appreciates the opportunity to address the court on the issues of this case um the primary issue of interest to doyon is the standing issue and the court um has been asking questions of the united states about it doyon would like to make very clear that it agrees with the holding of the lower court it believes that uh mr mills does not have standing to raise this claim in this case in our briefs we discussed in uh some substantial detail they said both they said that there is no prudential standing as as it relates to doyon the um the quiet title action doesn't apply because the federal quiet title action only applies to the united states um the way that you get a consistent result in this case is through the prudential standing issue the tenth circuit is recently held in wilderness society versus cane county a case that we discussed in detail in our briefs the prudential standing issue we agree with that holding we terminate this litigation in a manner that would lead to a consistent result in this case as in many cases in alaska involving native corporations and rs2477s the rs2477 crosses both federal and native land and alternating sections um this is a pretty good example that it goes back and forth four or five times the only way you can get to a consistent result is through the prudential standing issue the quiet title act issue doesn't really help because it doesn't apply to us so here because um appellant is is only raising alaska's rights to to this road is that why there's not prudential standing is that your view yes that's exactly the point that we're making here this this is a right that belongs to the state of alaska to answer uh judge berzon's question earlier there is no local government here this isn't what we in alaska call the unorganized borough there's no borough there and so that the only government that can assume uh ownership of this right away yes no county no county we have boroughs in the state of alaska not counties and we only have boroughs where they are organized this is what we call the unorganized borough it is a an area without a local government that's different from disorganized boroughs that's different so are you are you aware of any cases where um someone as appellant is doing as a private attorney general or raising some more generalized claim of the public's right to this road have you seen any cases like that no i'm aware of no case we have read extensive case law on this subject the law is developing of course but we've never from the very beginning seen cases like that okay thank you the i want to call attention of the court to a couple of items in passing the caywood case was decided by the state supreme court just 11 months ago or 10 months ago in november of last year in caywood the state supreme court called this a state-owned interest in land and discussed the state's management authority over these rights away if this is a valid rs2477 right away it is owned by the state and it's managed by the state um the state has talked about its discretion to bring this litigation if it chooses to do so in the letter that is sent to the court it talked about uh undertaking uh a review of the public need for this and other easements in the 40 mile area that is what dorian would like to see happen thank you oh am i out of time we'll hear from mr mills again i think you have about three and a half minutes left addressing the quiet title issue uh specifically the lower court did find this is a plaintiff's have alleged i'm on page docket 175 uh page 15 so the plaintiff has alleged more than general declaration against the united states regarding whether or not 40 mile station trailer rs2477 wrote in in regarding the issue of that specifically the quiet title i'm not claiming an ownership in the right away what i'm claiming this is an interest i have an interest in and their real interest i have the mining claims that are uh adjacent to the right of way and so the only legal way for me to go from point a being the taylor highway which is a legal access public access to my mining claims is using the 40 mile station eagle trail that's a that's a need that's not a interest well interest is something that's legally protected you have a need to get there but you don't have a interest well the way i'm understanding the the interest that it refers to in the quiet title act is an interest in the sense that there is a specific interest in land i hold i hold the mining claims on the land and that allows me that interest that gives me that unique situation or unique uh over them just the general public so that sounds um similar to uh easement by necessity but i don't know i don't think you raised that in your briefs and i'm not sure whether alaska has that has that sort of claim well they have an easement by necessity it's not raised there pardon me there's somebody who lives in the state law yeah well i addressed it in the sense that i asked the court to consider the state law the state law in fact in 19.30.400 found that this right-of-way is in fact a valid right-of-way the problem is is when you go back now to that 1996 ruling in the congressional action that took away the authority from the blm to make any determinations that's where the so to speak the rubber meets the road blm can't make any determinations so they therefore they can't say yes or no it is a right-of-way only then that's what the court the blm has said only the court can make that determination at this point in time why is this something for the state court to decide there's a dispute between you and the alaskan landowners it seems to me that's a this is a question for the state courts ultimately the title of the land still is held in the blm under the united states so that's where it goes to federal court the attorney that i had hired said well let's sue in the state court and i said okay well yeah that might be an advantage but the problem still is is that the federal government is not bound by state court decisions so if they say they're not stopping you and it's just the um the patent owner who's stopping you that seems more like a dispute between you and the patent owner well i understand that they that they say that but but that that's just not that wasn't your experience that's just not true um what has happened is is that the scott woods the current mining claim owner federal mining claim owner is using the blm he he initiated a investigation because i started to do some work out there he initiated an investigation using the blm claiming that i was trespassing on him they in fact went out in october and started investigating it i had a hearing in october with them or a meeting with them they had 10 people or more at that meeting and all of that evidence has disappeared from the file there's no record of meeting nothing that i could bring this was outside the record thank you thank you okay
judges: Kozinski, Berzon, Ikuta